**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

KARLIS WILLIAMS
ADC #110541                                                                                          PLAINTIFF

V.                                          3:10CV00178 JTR

DR. SUMNER CULLOM                                                                          DEFENDANT

**ORDER OF PARTIAL DISMISSAL[1]**

Plaintiff, Karlis Williams, who is currently being held in the Shelby County Jail in Memphis, Tennessee, has commenced this *pro se* action against Defendant Cullom pursuant to 42 U.S.C. § 1983, and the federal diversity statute, 28 U.S.C. § 1332. *See* docket entries #2 and #21. Defendant has filed a Motion to Dismiss, a Supporting Brief, and two Replies. *See* docket entries #8, #9, #17, and #18. Plaintiff has filed a Response. *See* docket entry #12.

Before discussing the merits of the Defendant's Motion, the Court will summarize the relevant facts, as alleged in Plaintiff's Complaint and Amended Complaint:[2]

---

[1] On October 19, 2010, the parties consented to proceed before a United States Magistrate Judge. *See* docket entry #18.

[2] The Court is mindful that a motion to dismiss should be granted if, assuming the truth of the factual assertions made in the complaint, a plaintiff has failed to state a viable claim as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). Specifically, the plaintiff must assert facts that affirmatively suggest, beyond the speculative level, that he or she is entitled to relief, and mere factual conclusions or a formulaic recitation of the elements of the cause of action are insufficient. *Twombly*, 127 S. Ct. at 1964-66 (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

1.   In August of 2009, Plaintiff was a convicted Arkansas prisoner in the Mississippi County Jail. *See* docket entries #2 and #21.

2.   On August 19, 2009, jail officials took Plaintiff to Defendant Cullom's private medical clinic in Osceola, Arkansas for treatment of a contusion on Plaintiff's right hand and wrist. *Id.* During the appointment, Plaintiff reported to a nurse that he was allergic to Doxycycline. *Id.* Defendant Cullom then examined Plaintiff's hand, applied a splint, and prescribed an anti-inflammatory and an antibiotic. *Id.* Plaintiff was returned to the jail later that day. *Id.*

3.   On August 20, 2009, jailers gave Plaintiff two doses of his medications. *Id.* Later that night, Plaintiff began to experience what he believed to be an allergic reaction to the antibiotic. *Id.* At that time, jailers informed Plaintiff that they had given him Doxycycline, pursuant to Defendant Cullom's orders. *Id.* When Plaintiff told the jailers that he was allergic to that medication, they immediately transported him to a local hospital for treatment.

4.   Upon arriving at the hospital, Plaintiff was treated by Defendant Cullom, who gave him steroids to counteract the allergic reaction. *Id.* Additionally, Defendant Cullom switched Plaintiff's antibiotic to Zithromax. *Id.*

5.   Plaintiff then returned to the jail, where he was given the steroids and antibiotics for several days. *Id.* However, Plaintiff claims that the steroids did not alleviate his allergic reactions, which included swelling, itching, and pain on and around his penis. *Id.*

6.   On an unspecified date, Plaintiff returned to Defendant Cullom's clinic for a follow-up appointment. *Id.* During that visit, Defendant Cullom admitted that he "made a mistake" and "overlooked" the fact that Plaintiff was allergic to Doxycycline. *Id.* at 7.

7.   On August 10, 2010, Plaintiff filed a *pro se* Complaint alleging that Defendant

Cullom violated his Eighth Amendment right to adequate medical care, in violation of 42 U.S.C. § 1983 (hereinafter "§ 1983"). *Id.*

8.      On October 25, 2010, Plaintiff filed an Amended Complaint adding a § 1983 claim that Defendant Cullom violated his Fourteenth Amendment right to due process of law and to equal protection of the laws. *See* docket entry #21. Additionally, Plaintiff alleges, pursuant to the federal diversity statute, 28 U.S.C. § 1332, that Defendant Cullom violated: (a) Article II, Section 9 of the Arkansas Constitution; and (b) committed the state law torts of medical malpractice and outrage.[3] *Id.*

## II. Discussion

### A.    Plaintiff's Request to Strike Defendant's Motion to Dismiss

Plaintiff's Response to Defendant's Motion to Dismiss includes a request that the Court strike the Motion to Dismiss from the record because it was untimely filed.[4] *See* docket entry #12. Rule 12(a) and (b) of the Federal Rules of Civil Procedure provide that a party has 21 days from the date of service of the Complaint or Amended Complaint to file an Answer or a Motion to Dismiss. *See* Fed. R. Civ. P. 12(a) and (b).

Defendant Cullom was served on August 30, 2010. *See* docket entry #6. He filed his Motion to Dismiss, twenty-one days later, on September 20, 2010. *See* docket entry #8. Thus, Plaintiff's request to strike the Motion to Dismiss is denied.

---

[3] Plaintiff asserts that the Court has diversity jurisdiction because he: (1) is a resident of Tennessee, while Defendant Cullom is a resident of Arkansas; and (2) has requested "a minimum of $300,000" in compensatory damages. *See* docket entry #21 at 2; *see also* 28 U.S.C. § 1332(a) (providing that federal district courts have original jurisdiction over civil actions involving citizens of different states where the amount in controversy exceeds $75,000).

[4] The request was *not* separately docketed as a Motion to Strike.

**B.     Plaintiff's § 1983 Eighth Amendment Claim**

In his Motion to Dismiss, Defendant Cullom argues that Plaintiff has failed to state a viable inadequate medical care claim against him. *See* docket entry #8. This argument is well taken.

To succeed on an inadequate medical care claim, under the Eighth Amendment, a prisoner must prove that: (1) he had an objectively serious medical need; and (2) prison officials subjectively knew of, but deliberately disregarded, that serious medical need. *Estelle v. Gamble,* 429 U.S. 97 (1976); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). As to the second element, the Eighth Circuit has explained that deliberate indifference "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998).

In his Complaint and Amended Complaint, Plaintiff alleges that Defendant Cullom provided him with constitutionally inadequate medical care when he prescribed Doxycycline, even though Plaintiff had informed a nurse that he was allergic to that medication. *See* docket entries #2 and #21. At most, that allegation supports a claim of medical malpractice, which does *not* rise to the level of a constitutional violation. *See Langford v. Norris;* 614 F.3d 445, 460 (8th Cir. 2010) (explaining that malpractice, negligence, or even gross negligence in making treatment decisions is insufficient to establish a constitutional violation); *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (same).

Further, although it is unclear, it appears that Plaintiff may also be alleging that Defendant Cullom provided him with constitutionally inadequate care when he prescribed steroids which, accordingly to Plaintiff, did not sufficiently alleviate his allergic reactions. *See* docket entries #2

and #21. However, it is well settled that a prisoner's mere disagreement with a physician's prescribed course of medical care does not rise to the level of a constitutional violation. *See Estell*, 429 U.S. at 107; *Langford*, 614 F.3d at 460; *Dulany,* 132 F.3d at 1240. Thus, Plaintiff's Eighth Amendment claim is dismissed, without prejudice.

C.    **Plaintiff's § 1983 Fourteenth Amendment Claims**

In his Amended Complaint, Plaintiff makes the single, conclusory allegation that Defendant Cullom violated his "14th Amendment rights to Due Process and Equal Protection." *See* docket entry #21 at 2. However, he has not explained the legal basis for either claim or provided a *single factual allegation* to support it. *Id.*

The United States Supreme Court has recently clarified that "labels and conclusions," "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Instead, a prisoner's "complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* In this respect, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff's Amended Complaint does not come close to satisfying the pleading requirements set forth in *Iqbal* and *Twombly.* Accordingly, his Fourteenth Amendment claims are dismissed, without prejudice.

D.    **Plaintiff's State Law Claims Under the Federal Diversity Statute**

Finally, Plaintiff alleges that Defendant Cullom violated Article 2, Section 9 of the Arkansas Constitution and committed the state law torts of medical malpractice and outrage.[5] *See* docket entry #21. Arguably, the Court may have jurisdiction over these claims pursuant to 28 U.S.C. § 1332.[6]

The Arkansas Constitution prohibits the infliction of "cruel an unusual punishment." Ark. Const. Art. 2 § 9. The Arkansas Supreme Court has clarified that the deliberate indifference standard used to analyze inadequate medical care claims brought under the Eighth Amendment of the U.S. Constitution also applies to inadequate medical care claims brought under Article 2, Section 9 of the Arkansas Constitution. *See Grayson v. Ross*, 253 S.W.3d 428, 433-34 (Ark. 2007). As explained in section II. B. of this Order of Partial Dismissal, Plaintiff has failed to sufficiently plead a claim of deliberate indifference. Thus, Plaintiff's diversity claim under the Arkansas Constitution, is dismissed, without prejudice.

Plaintiff also alleges that Defendant Cullom committed the tort of outrage. *See* docket entry #21. To state a claim for outrage, under Arkansas law, a plaintiff must allege that: (1) the defendant intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community"; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it. *Kiersey v. Jeffrey*, 253 S.W.3d 438, 441 (Ark. 2007); *Crockett v. Essex*, 19 S.W.3d 585, 564 (Ark. 2000).

---

[5] In diversity cases, the Court must apply the substantive law of the forum state, which in this action is Arkansas. *See HealthEast Bethesda Hosp. v. United Comm. Travelers of Am.;* 596 F.3d 986, 987(8th Cir. 2010); *Black v. Shultz,* 530 F.3d 702, 708 (8th Cir. 2009).

[6] At this point, it is unclear whether Plaintiff is a resident of Arkansas or Tennessee.

Nothing in Plaintiff's Complaint or Amended Complaint suggests that Defendant Cullom acted intentionally when he prescribed Doxycycline to Plaintiff, even though he was allergic to that medication. As previously discussed, Defendant Cullom's actions were – at most – negligence. *See FMC Corp., Inc. v. Helton*, 202 S.W.3d 490 (Ark. 2005) (explaining that Arkansas does *not* recognize the tort of negligent infliction of emotional distress). Thus, Plaintiff's outrage claim is dismissed, without prejudice.

Finally, Plaintiff has sufficiently pled a medical malpractice claim against Defendant Cullom, which the Court may have diversity jurisdiction to consider.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.   Plaintiff's Request to Strike, which was included in his Response to the Motion to Dismiss (docket entry #12), is DENIED.

2.   Defendant's Motion to Dismiss (docket entry #8) is GRANTED IN PART and DENIED IN PART such that: (a) Plaintiff's § 1983 claims, Arkansas Constitutional claim, and outrage claim are DISMISSED, WITHOUT PREJUDICE; and (b) Plaintiff shall PROCEED with his diversity medical malpractice claim.

3.   Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendant shall file an Answer or other responsive pleading **within fourteen days** of the entry of this Order.

4.   The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Partial Dismissal would not be taken in good faith.

Dated this 9th day of November, 2010.

                                                                              /s/ J. Thomas Ray
                                                           UNITED STATES MAGISTRATE JUDGE