**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

KARLIS WILLIAMS
ADC #110541                                                                                              PLAINTIFF

V.                                             3:10CV00178 JTR

DR. SUMNER CULLOM                                                                                 DEFENDANT

**ORDER OF DISMISSAL**[1]

Plaintiff, Karlis Williams, who is a prisoner in the Grimes Unit of the Arkansas Department of Correction, has commenced this *pro se* action alleging that Defendant Dr. Sumner Cullom provided him with negligent medical care while he was confined in the Mississippi County Jail. *See* docket entry #2. Plaintiff asserts that the Court has jurisdiction to hear his negligence claim, under the federal diversity statute, because he is a citizen of Tennessee, while Defendant is a citizen of Arkansas.[2] *Id.,* docket entry #21.

The parties *agree* that the amount in controversy exceeds $75,000, and that Defendant is an Arkansas citizen. *See* docket entries #31 and #35. However, Defendant Cullom has filed a Motion to Dismiss arguing that there is no basis for diversity jurisdiction because Plaintiff is also a citizen of Arkansas. *See* docket entry #30.

---

[1] On October 19, 2010, the parties consented to proceed before a United States Magistrate Judge. *See* docket entry #18.

[2] *See* 28 U.S.C. § 1332(a)(1) (providing that that federal courts have original jurisdiction to hear lawsuits between "citizens of different States," where the amount in controversy exceeds $75,000).

The Eighth Circuit has held that a "prisoner does not acquire a new domicile when he is incarcerated in a different state." *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977); *see also Rognirhar v. Southern*, Case No. 8:08CV51, 2009 WL 3643451,*2 (D. Neb. Oct. 28, 2009) (unpublished opinion); *Mugan v. McGuire Law Firm*, Case No. 06-3054, 2007 WL 1097564, *4 (N.D. Iowa April 12, 2007) (unpublished opinion). Thus, a prisoner's citizenship, for diversity jurisdiction purposes, is the place of his domicile *prior to incarceration*. *Id.*

Plaintiff failed to provide the Court with sufficient information to determine whether he was a Tennessee citizen prior to his recent incarceration. *See Scottsdale Ins. Co. v. Universal Crop Protection Alliance,* 620 F.3d 926 (8th Cir. 2010) (explaining that the party asserting diversity jurisdiction has the burden of establishing it by a preponderance of the evidence); *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005) (same).

Accordingly, on December 22, 2010, the Court issued an Order directing Plaintiff to file, on or before January 20, 2011, an Affidavit containing specific information needed to determine the state of his citizenship prior to incarceration. *See* docket entry #43. Importantly, the Court advised Plaintiff that if he failed to do so, the Court would grant Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or dismiss the case, without prejudice, pursuant to Local Rule 5.5(c)(2). *Id.* On January 21, 2011, the Court entered an Order extending the deadline until February 10, 2011. *See* docket entry #46.

As of the date of this Order of Dismissal, Plaintiff has failed to comply with the Court's December 22, 2010 and January 21, 2011 Orders, and the time for doing so has expired. Thus, dismissal is proper pursuant to Local Rule 5.5(c)(2).

Additionally, although he has been given the opportunity to do so, Plaintiff has failed to

satisfy his burden of demonstrating that he was a Tennessee citizen prior to his recent incarceration. Accordingly, there is no basis for federal diversity jurisdiction.

IT IS THEREFORE ORDERED THAT:

1. Defendant's Motion to Dismiss Due to a Lack of Subject Matter Jurisdiction (docket entry #30) is GRANTED, and this case is DISMISSED, WITHOUT PREJUDICE.

2. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 16th day of February, 2011.

*/s/ J. Thomas Ray*
UNITED STATES MAGISTRATE JUDGE